IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WALTER P.,**[1]

      Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

      Defendant.

Civ. No. 3:20-cv-01586-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

      Plaintiff Walter P. seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

      Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) improperly rejecting Plaintiff's subjective symptom testimony; (2) improperly assessing the opinion of provider Lauren Land, FNP; and (3) failing to include all supported limitations in Plaintiff's residual functional capacity. Pl.'s Br. 5–13, ECF No. 18. Because there is substantial evidence in the record to support the ALJ's findings and any errors are harmless, the Commissioner's decision is AFFIRMED.

//

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on November 8, 2017, alleging disability since February 25, 2015. Tr. 240. He later amended his alleged onset date to November 8, 2017. Tr. 106, 279. His claim was denied initially and upon reconsideration. Tr. 137, 147. Plaintiff appeared before the Honorable John Michaelsen on September 4, 2019. Tr. 100–27. ALJ Michaelsen denied Plaintiff's claim on December 6, 2019. Tr. 88–95. Plaintiff sought review from the Appeals Council and was denied on August 13, 2020, rendering the ALJ's decision final. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff is 61 years old and was 57 on his amended alleged onset date. *See* tr. 129. Plaintiff has a GED and has past relevant work as a construction worker. Tr. 121, 245. Plaintiff alleges disability from vertigo, tinnitus, hearing loss, low back pain, chronic obstructive pulmonary disease ("COPD"), lower extremity edema, and venous insufficiency. Tr. 279.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868

F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

**I.   Subjective Symptom Testimony**

Plaintiff argues that the ALJ failed to provide a clear and convincing reason for rejected Plaintiff's subjective symptom testimony. Pl.'s Br. 5–8.

An ALJ must consider a claimant's symptom testimony, including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a) (2017). Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's

testimony regarding the severity of his symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter,* 504 F.3d at 1040. It is proper for the ALJ to consider the objective medical evidence in making a credibility determination. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The Ninth Circuit has upheld negative credibility findings, however, when the claimant's statements at the hearing "do not comport with objective evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). If finding a lack of credibility, the ALJ is "required to point to specific facts in the record" to support that finding. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 201) (citing *Vazquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009)).

Here, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's statements "concerning the

4 – OPINION AND ORDER

intensity, persistence and limiting effects of these symptoms [is] not entirely consistent with the medical evidence and other evidence in the record. Tr. 92. Specifically, the ALJ found that Plaintiff's testimony was contradicted by the medical records. Tr. 92.

Plaintiff argues that this reasoning is insufficient on its own. Pl.'s Br. 7. A claimant's statements regarding the "intensity, persistence, and limiting effects of symptoms" may not be discounted "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual. SSR 16-3P; *see also Robbins*, F.3d at 883. Here, however, the ALJ found not that the objective evidence fails to substantiate Plaintiff's subjective symptom testimony, but that the testimony was inconsistent with – and contradicted by – the medical record. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Plaintiff testified that he is "dizzy all the time" and that he loses his balance multiple times a day. Tr. 112. He testified that he has difficulties bending over to pick something up. Tr. 117–18. Plaintiff further testified that getting onto his feet from laying down is "a feat unto itself." Tr. 188. As the ALJ noted, Plaintiff's medical exams show he ambulates normally with no gait disturbance. Tr. 92; *see* tr. 402, 413, 417, 421, 426, 429, 432, 435, 472, 475, 478, 481, 501, 504, 508, 512, 558, 560.[2] At his psychodiagnostic evaluation, Plaintiff "walked and transferred independently." Tr. 551. Plaintiff's own reports to his medical providers indicate that the dizziness occurs primarily when he turns his head or makes quick movements with his head.

---

[2] One medical exam, on September 3, 2015, before the period at issue here, did show Plaintiff had antalgic gait. Tr. 438. At the time, Plaintiff had a severe rash on his leg with accompanying swelling. Tr. 438. Subsequent medical exams show that after treatment, Plaintiff ambulated normally again.

5 – OPINION AND ORDER

Tr. 412, 516. The medical records also indicate that Plaintiff does not lose his balance as often as alleged at the hearing. *See* tr. 72 ("His last fall was a while ago.").

Plaintiff testified that he has trouble taking the stairs, both because of his balance, and because of his respiratory ailments. Tr. 116. The ALJ acknowledged that Plaintiff at times experienced acute exacerbations of his COPD, but that those exacerbations were few and far between. Tr. 92. Plaintiff experienced an acute exacerbation of his COPD in March 2018, when he was ill with flu-like symptoms. Tr. 584, 592. His medical provider noted that his last exacerbation was a year ago, in March 2017. Tr. 584. Generally, Plaintiff's COPD is well-managed, asthma attacks are rare, and he is "completely free of symptoms between episodes." Tr. 511. Plaintiff generally presented with no shortness of breath. *See* tr. 448, 451, 478, 486, 501. The ALJ incorporated a restriction against exposure to pulmonary irritants in the RFC to account for these symptoms. Tr. 91, 92.

Plaintiff testified that his tinnitus affects his ability to hear and focus on what he is hearing, such that he "always [has] to ask people to repeat themselves." Tr. 117. He also testified that his "short term memory has gotten worse," and that he has issues with concentration. Tr. 118. However, the ALJ noted that these alleged difficulties did not present during his psychological evaluation in early 2018. Tr. 93. Plaintiff's thought content was described as "clear, logical, and sequential." Tr. 551. He could spell "world" backwards and forwards and remembered two out of three objects after a five-minute delay. Tr. 551. He counted by 3s with no error. Tr. 551. Plaintiff did endorse some memory and concentration difficulties, but "[h]is ability to recall relevant personal detail appeared intact." Tr. 553.

The ALJ gave a specific clear and convincing reason, supported by substantial evidence, to discount Plaintiff's subjective symptom testimony.

## II. Lauren Land, FNP

Plaintiff next argues that the ALJ failed to articulate specific and legitimate reasons when finding NP Land's medical opinion unpersuasive. Pl.'s Br. 8–11.

Under the current regulations, an ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. In doing so, an ALJ considers the following factors: (1) supportability, as shown by relevant evidence and explanation; (2) consistency with the record as a whole; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(c). Of these, supportability and consistency are the most important and must be articulated in the ALJ's decision. 20 C.F.R. § 416.920c(b)(2).[3] Further, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a).

NP Land opined that Plaintiff would need an additional 15-minute break to lie down every 30-60 minutes. Tr. 659. She opined that Plaintiff could not bend, squat, crawl, climb, push or pull with hands or feet, operate foot pedals, twist, crouch, balance, or stoop. Tr. 660. She further opined that Plaintiff could only occasionally reach overhead, grasp, or manipulate objects. Tr. 660. NP Land opined that Plaintiff's symptoms are so severe that they would interfere with his attention and concentration for more than 2/3 of a workday. Tr. 660–61. The

---

[3] The Ninth Circuit has not issued an opinion regarding the effect of the new 2017 SSA regulations on the "specific and legitimate" standard articulated in *Orn*. *See Robert S. v. Saul*, No. 3:19-cv-01773, 2021 U.S. Dist. LEXIS 65231, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 59635, 2021 WL 1206576 (D. Or. Mar. 29, 2021) (collecting cases). However, other Ninth Circuit district courts have held that under the new SSA regulations the "specific and legitimate" standard is still applicable as the standard against which the Court evaluates the ALJ's reasoning. *See John N. v. Comm'r of Soc. Sec. Admin.*, No. 20-cv-01273, 2022 U.S. Dist. LEXIS 35027, at *17–18 (D. Or. Feb. 28, 2022) (citing *Scott D. v. Comm'r of Soc. Sec. Admin.*, No. C20-5354, 2021 U.S. Dist. LEXIS 4083, at *4 (W.D. Wash. Jan. 8, 2021)).

ALJ found that "[i]n light of such benign clinical findings, [he] cannot reasonably adopt the opinion . . . indicating that the claimant is physically incapable of sustaining even sedentary tasks." Tr. 93. The ALJ found NP Land's opinion unpersuasive because it was not supported by or consistent with the medical record. Tr. 93. As noted above, Plaintiff consistently presented at medical exams with normal gait and station. NP Land's own treatment notes indicate that Plaintiff was alert and in no acute distress. Tr. 602, 616. Plaintiff's "recent medical records offer no indication of motor weakness or gait instability that would justify the exertional or postural restrictions recommended by Ms. Land." Tr. 93; *see* tr. 558, 560.

The ALJ's finding here was supported by substantial evidence.

### III.  Plaintiff's RFC

Finally, Plaintiff argues that the ALJ failed to include all supported limitations in crafting the RFC. Pl.'s Br. 11–13. Specifically, Plaintiff argues that he "would have difficulty doing much physical activity without exacerbating his COPD and that he needs to elevate his legs frequently throughout the day due to swelling." Pl.'s Br. 12. This argument assumes that the ALJ erred in discounting Plaintiff's subjective symptom testimony and NP Land's opinion. However, as discussed above, the ALJ did not err here. Only limitations supported by substantial evidence must be incorporated into the RFC. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

### **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 25th day of March, 2022.

s/ Michael J. McShane<br>
Michael J. McShane<br>
United States District Judge